United States District Court
District of Massachusetts

```
                                )
JUDITH LOPEZ,                   )
        Plaintiff,              )
                                )
        v.                      )   Civil Action No.
                                )   11-30149-NMG
UNITED STATES,                  )
        Defendant.              )
                                )
```

**MEMORANDUM & ORDER**

GORTON, J.

In May, 2011, Judith Lopez ("Lopez") filed a pro se petition
for remission or mitigation of the administrative forfeiture of
property seized from her apartment by the Drug Enforcement
Administration ("DEA"). Pending before the Court is the
government's motion to dismiss that petition for lack of subject-
matter jurisdiction.

## I. Factual Background

In June, 2009, DEA agents seized approximately $30,790 in
U.S. currency and jewelry ("the contested property") during a
search of Lopez's apartment related to an investigation of Luis
Pabon-Abadia ("Pabon-Abadia"), a suspected drug dealer. While
Pabon-Abadia lived with Lopez at the time, she asserts that the
contested property belonged to her and denies any knowledge of or
involvement with drug trafficking.

On August 3, 2009, the DEA sent Lopez written notice that it

-1-

had initiated administrative forfeiture proceedings. The notice advised Lopez that she could judicially contest the forfeiture if she filed a claim with the DEA on or before September 7, 2009. The DEA published notices of the intended forfeiture in The Wall Street Journal on August 17, 24 and 31, 2009.

Lopez prepared her claim and a petition for remission with the help of an attorney. The documents were sent via Fedex on Friday, September 4, 2009 for next day delivery to the designated DEA office. Fedex attempted the delivery on Saturday, but the DEA office was not open to accept. The following Monday (the September 7 deadline) was Labor Day. The DEA received the documents on Tuesday, September 8, at 8:57 a.m.

The DEA returned the claim as untimely and administratively forfeited the contested property on October 15, 2009. The agency subsequently denied remission on substantive grounds and notified Lopez by certified mail. The letter informed Lopez of the procedure required to request reconsideration by the DEA.

Lopez did not file for reconsideration but instead filed the instant petition for remission or mitigation. The government moved to dismiss the petition in September, 2011, asserting that the Court lacks subject-matter jurisdiction. In her opposing memorandum, Lopez states that the Court has jurisdiction pursuant to the Due Process Clause of the Fifth Amendment.

## II. Analysis

### A. Legal Standard

If challenged, the party asserting subject-matter
jurisdiction has the burden of proving it by preponderance of the
evidence.  Bank One, Texas N.A. v. Montle, 964 F.2d 48, 50 (1st
Cir. 1992).  Nevertheless, a court should review the pleadings of
a pro se plaintiff with "some leniency" and should not dismiss a
case "on essentially technical grounds, without affording the
[plaintiff] some opportunity to replead."  Instituto de Educacion
Universal Corp. v. U.S. Dept. of Educ., 209 F.3d 18, 23 (1st Cir.
2000).  Once a federal court concludes, however, that it lacks
subject-matter jurisdiction, it must dismiss a complaint in its
entirety.  Fed. R. Civ. P. 12(h)(3).

### B. Application

The government may administratively forfeit seized property
worth $500,000 or less if it does not receive a claim and a bond
of no less than $250 within twenty days of the first date it
publishes notice of the proposed forfeiture.  19 U.S.C. §§ 1607-
09.  Timely receipt of a claim and bond, however, will "abort[]
the administrative process and force[] the government to proceed
in court."  Gonzalez-Gonzalez v. United States, 257 F.3d 31, 35
(1st Cir. 2001).  "If no interested party files such a claim ...
the government can proceed to declare the property forfeit
without judicial intervention."  Id. (citing 19 U.S.C. § 1609).

-3-

Once property has been administratively forfeited, federal judicial relief is generally unavailable. Sarit v. U.S. Drug Enforcement Admin., 987 F.2d 10, 17 (1st Cir. 1993). Nonetheless, a federal court retains "limited jurisdiction to review the procedure by which the forfeiture was effected." Toure v. United States, 24 F.3d 444, 446 (2d Cir. 1994). "[I]f an administrative forfeiture is procedurally deficient, the court has jurisdiction to correct the deficiency." Id. (internal quotation omitted). When a district court concludes that procedural deficiencies render an administrative forfeiture void, it must order the agency to return the seized property or begin judicial forfeiture proceedings. United States v. Giraldo, 45 F.3d 509, 512 (1st Cir. 1995).

The government correctly argues that the Court lacks jurisdiction to grant remission or mitigation of the forfeiture of the contested property. See 28 C.F.R. § 9.1(b)(1) (seizing agency retains authority for remission or mitigation functions). The Court observes, however, that Lopez has alleged, in her opposition to the government's motion to dismiss, that the DEA deprived her of her constitutionally protected right of due process.

The undisputed facts here demonstrate that administrative forfeiture was procedurally improper. The deadline for Lopez to file a claim was September 7, 2009, Labor Day. Labor Day is a

legal holiday and thus the filing period is extended until the following business day. See Fed. R. Civ. P. 6(a)(1)(C); see also Dan T. Slaughter & Assocs., Inc. v. FBI, 991 F.2d 799 (7th Cir. 1993). Lopez's petition was therefore properly filed, notwithstanding the fact that the DEA did not physically receive it until the day after the deadline. The agency was required to suspend administrative processes and proceed in district court as required by 19 U.S.C. § 1610.

The Court concludes that the administrative forfeiture is void. The government's motion to dismiss will be denied and the government will be directed to return the contested property to Lopez or initiate judicial forfeiture proceedings.

## ORDER

In accordance with the foregoing, the defendant's motion to dismiss (Docket No. 9) is **DENIED.** The government is directed to return the contested property to Lopez or to initiate judicial forfeiture proceedings promptly.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated May 23, 2012

-5-